UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DEANE W. LEHRMITT and | ) | CASE NO. 14-32437 |
| DIXIE A. LEHRMITT | ) | Chapter 7 |
| | ) | |
| Debtors | ) | |
| GO WIRELESS, INC. | ) | AP No. 14-3035 |
| Plaintiff | ) | |
| vs. | ) | |
| DEANE W. LEHRMITT and | ) | |
| DIXIE A. LEHRMITT | ) | |
| Defendant | ) | |

**MEMORANDUM**

This adversary proceeding comes before the Court on the Motion for Summary Judgment filed by the Plaintiff, Go Wireless Inc. ("GWI"). In the motion, GWI moves the Court to grant GWI summary judgment, asserting there are no genuine issues as to any material fact, thus entitling GWI to judgment as a matter of law. The Defendants oppose summary judgment. At issue is whether the debt owed to GWI is nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), and (6). Upon review of the motion, the supporting documents, and the response filed by the Defendants, the Court concludes that summary judgment should be granted in favor of GWI.

**JURISDICTION**

Determinations of dischargeability are core proceedings under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a).

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts in this case are not in dispute. On or about April 30, 2009, GWI initiated a lawsuit against Debtors, amongst other defendants, by filing a Complaint in the State of California, Los

Angeles County Superior Court, case number GC042888 (the "Complaint"). On August 3, 2010, the Los Angeles County Superior Court entered a Judgment by Default by Court against the Debtors (the "Judgment") by striking their Answer after their failure to appear at a show cause hearing previously set for July 28, 2010.

The Judgment contains specific findings of fact as follows:

> a. The Debtors "obtained money or services by false pretenses, a false representation or actual fraud";
>
> b. The Debtors "committed fraud while acting in a fiduciary capacity";
>
> c. The Debtors "acted willfully and maliciously and caused injury to (GWI)";
>
> d. The Debtors "by their actions committed fraud"; and,
>
> e. The Debtors "by their actions committed intentional misrepresentation."

The Judgment was in the total amount of $2,627,717.50, with post-judgment interest accruing at the rate of 10.00% per annum from the date of the Judgment. The Judgment was domesticated in the Commonwealth of Kentucky on October 7, 2010 by the filing of a Notice and Affidavit of Foreign Judgment Registration with the Fayette Circuit Court, and assigned Case Number 10-CI-5768 (the "Domesticated Judgment").

On June 25, 2014, the Defendants filed a voluntary Chapter 7 petition in bankruptcy, commencing Case No. 14-32437 in the United States Bankruptcy Court for the Western District of Kentucky, Louisville Division (the "Bankruptcy"). This Adversary Proceeding was commenced by the filing of the Complaint on August 1, 2014. The Defendants filed their Answer on August 31, 2014.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by

Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the Court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." Jones v. Union County, 296 F.3d 417, 423 (6th Cir. 2002). See generally Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." Hall v. Tollett, 128 F.3d 418, 422 (6th Cir. 1997) (emphasis added). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. Tennessee Dep't of Mental Health & Mental Retardation v. Paul B., 88 F.3d 1466, 1472 (6th Cir. 1996). Absent such evidence from the nonmoving party in a motion for summary judgment, the Court need not comb the entire record to determine if any of the available evidence could be construed in such a light. See In re Morris, 260 F.3d 654, 665 (6th Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact").

## DISCUSSION

The Court is in agreement with the parties that the applicable statutes and settled Sixth Circuit case law would appear to entitle GWI to entry of summary judgment in this case. The Sixth Circuit has conclusively determined that under facts as presented in this case, the Judgment must be given preclusive effect in this case. In re Calvert, 105 F.3d 315, 321 (6th Cir. 1997). In Calvert, the Sixth Circuit held the Full Faith and Credit Statute, 28 U.S.C. 1738, "requires the federal courts

to give full faith and credit to the judicial proceedings of state courts." Id. at 317. The Sixth Circuit then noted Supreme Court precedent that the Full Faith and Credit Statute requires that a federal court refer to the preclusion law of the State in which the judgment was rendered. Id., citing Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). When considering the law of the state in which the default judgment was rendered, the federal court must first determine whether the default judgment is given preclusive effect in that state. Id. If the state gives the default judgment preclusive effect, "*Marrese* instructs that the federal court give preclusive effect to the judgment unless Congress has expressly or impliedly created an exception to § 1738 which ought to apply to the facts before the federal court." Id.

In Calvert, just as in this case, the state that rendered judgment was California. As noted in Calvert, "California courts have held that collateral estoppel bars relitigation of an issue on which a party has obtained a default judgment." Id. at 318. "A judgment by default is as conclusive as to the issues tendered by the complaint as if it had been rendered after answer filed and trial had on allegations denied by the answer. Such a judgment is res judicata as to all issues aptly pleaded in the complaint." Fitzgerald v. Herzer, 78 Cal.App.2d 127, 131, 177 P.2d 364(Cal. 2nd Dist. 1947).

Since it is clear that California law gives preclusive effect to default judgments, Calvert instructs that Marrese requires that the federal court determine whether an exception exists to the Full Faith and Credit statute. Calvert, 105 F.3d at 318. The Sixth Circuit noted that the Supreme Court has held that "collateral estoppel principles . . . apply in discharge exception proceedings pursuant to § 523(a)." Id., citing Grogan v. Garner, 498 U.S. 279, 284 n. 11 (1991). Then, deciding the precise issue of whether Congress has created an express or implied exception to Full Faith and Credit for default judgments, the Sixth Circuit held that "a creditor may utilize collateral estoppel to prevent litigation of the dischargeability of a debt after obtaining a default judgment on claims

of fraud in state court." Id. at 321.  Thus, the Sixth Circuit reversed the district court and bankruptcy court.

The Defendants do not dispute the application of Calvert to the facts at hand.  Rather, the Defendants request that this Court should use its equitable powers to prevent or modify the entry of a non-dischargeable judgment.  Defendants request that this Court use its powers under 11 U.S.C. § 105 to modify the otherwise non-dischargeable debt.  Section 105 provides, in pertinent part:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The Defendants cite several cases wherein Courts have used equitable powers to condition or modify an otherwise non-dischargeable debt.  See Tenn. Student Assistance Corp. v. Hornsby, 144 F.3d 433, 437 (6th Cir.1998) (Partially discharged a nondischargeable student loan debt); In re Cheesman, 25 F.3d 356 (6th Cir. 1994) (Granting discharge but staying discharge order to determine debtor's later financial condition in student loan context); In re Pigg, 453 B.R. 728 (Bankr. M.D. Tenn. 2011)(Granting equitable relief under § 105 to homeowner whose Home Owner Association Fees were non-dischargeable under § 523(a)(16) but who had been forced from her home due to flooding); In re Myrvang, 232 F.3d 1116, 1122 (9th Cir. 2000)(Granting partial discharge of § 523(a)(15) marital debt pursuant to §105(a) powers).

Like those cases, the Defendants contend that the facts in this case warrant the application of equity.  Specifically, they claim they are elderly, without significant income or resources.  They assist in the care of their special needs child. They have health issues which, coupled with their age, make working again unlikely.  They claim they are facing homelessness.  They further explain the

large default judgment was entered against them because they could not afford to contest it or fight a large scale cell phone provider. This Judgment grows by another $1,000.00, everyday.

The Court appreciates the Defendants attempt to appeal to equity to relieve them of the burden of this non-dischargeable debt. The Court cannot, however, take the steps requested by the Defendants. First, applying an equitable determination would apply or insert conditions into 11 U.S.C. § 523(a)(2), (4), and (6) that are simply not there. It would amount to nothing less than judicial legislation that this Court is unwilling to do. Those sections do not include an equitable factor or consideration and this Court will not impose any more additional hurdles not included in the statute. If Congress had intended for bankruptcy courts to apply an equity test in these cases, Congress could certainly have included language to that effect in the statutes.

Second, to impose an equity test into those statutory section would turn every non-dischargeability action into an equity trial. If unsuccessful on the merits, each defendant would include an appeal to equity; thereby forcing this Court to try whether each case warrants an application of equity. The Court would then have to derive some arbitrary mechanism to determine which cases warrant equity and which cases do not. Such a result is not fair or equitable to any of the parties, in this case, or the other cases that would surely follow this result. Simply speaking, the Court is not inclined to go down that slippery road.

For the foregoing reasons, the Court will grant GWI's Motion for Summary Judgment, adjudicating that GWI is entitled to a judgment finding the Judgment nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(4) and (6). A separate judgment will be entered in accordance with this order.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: January 27, 2015

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DEANE W. LEHRMITT and | ) | CASE NO. 14-32437 |
| DIXIE A. LEHRMITT | ) | Chapter 7 |
| | ) | |
| Debtors | ) | |

| | | |
|---|---|---|
| GO WIRELESS, INC. | ) | AP No. 14-3035 |
| Plaintiff | ) | |
| vs. | ) | |
| DEANE W. LEHRMITT and | ) | |
| DIXIE A. LEHRMITT | ) | |
| Defendants | | |

### JUDGMENT

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED,** that Judgment is hereby entered in favor of GWI against Deane W. Lehrmitt and Dixie A. Lehrmitt for nondischargeability of debt to GWI in the total amount of $2,627,717.50, with post-judgment interest accruing at the rate of 10.00% per annum from August 3, 2010, and that said sums are excepted from discharge, under 11 U.S.C. §§ 523(a)(2), (4), and (6).

There being no just cause for delay, this is a final and appealable judgment.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: January 27, 2015